B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
### Eastern District of North Carolina

In re    **William M. Soots, Jr.**                                    ,          Case No. ___**13-00286-8**___
                                    Debtor

                                                                        Chapter _____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 1,005,500.00 | | |
| B - Personal Property | Yes | 3 | 19,472.04 | | |
| C - Property Claimed as Exempt | Yes | 4 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 1,342,910.25 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 3 | | 31,350.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 415,524.79 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 4,750.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 4,818.33 |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 1,024,972.04 | | |
| Total Liabilities | | | | 1,789,785.04 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re  **William M. Soots, Jr.**                                    ,      Case No.    **13-00286-8**
Debtor

Chapter                          **11**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    **William M. Soots, Jr.**                                    ,    Case No.    **13-00286-8**
                                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **House at 6498 Rolling Run, Southport, NC** | | - | **225,000.00** | **256,917.52** |
| **House at 301 W. Yacht Drive, Oak Island, NC** | | - | **225,000.00** | **439,900.00** |
| **House at 205 NE 61st Street, Oak Island, NC 50% Ownership ($175,000.00)** | | - | **87,500.00** | **299,932.00** |
| **House at 120 NE 33rd Street, Oak Island, NC** | | - | **200,000.00** | **172,776.00** |
| **House and Storage building at 205 NE 60th Street, Oak Island, NC ($157,000.00) House and lot 114 NE 28th Street, Oak Island, NC ($99,000.00)** | | - | **256,000.00** | **159,384.73** |
| **Lot at 3768 Heron Circle, Oak Island, NC** | | - | **12,000.00** | **14,000.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **1,005,500.00** | (Total of this page) |
| Total > | **1,005,500.00** | |

**0**    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re   __William M. Soots, Jr._____,   Case No. ___13-00286-8____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash** | - | **500.00** |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **BB&T Checking account (ending in 3390)** | - | **1,883.55** |
| | | | **BB&T Savings account (ending in 3212)** | - | **12.52** |
| | | | **BB&T checking account (ending 0095) Account held for Mother for Rental property in Mother's name** | - | **390.00** |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Miscellaneous Household goods** | - | **1,500.00** |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Miscellaneous Books** | - | **50.00** |
| 6. | Wearing apparel. | | **Miscellaneous clothing** | - | **100.00** |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | | **3030 Rifle** | - | **50.00** |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance Policy with West Coast Live Ins. Co. (Policy 3662) Owner: Debtor Beneficiaries: Christina Long and Cody Soots Death Benefit: $100,000.00 Cash Value:$0.00** | - | **0.00** |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total > | **4,486.07** |
|---|---|---|
|  | (Total of this page) | |

__2__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **William M. Soots, Jr.**                                        Case No.    **13-00286-8**
                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Edward Jones IRA (account ending 2519)** | - | 5,909.10 |
| | | **Ameriprise IRA (account ending 4001)** | - | 4,066.12 |
| | | **TD Ameritrade IRA (account ending 9971)** | - | 2,045.84 |
| | | **TD Ameritrade IRA (account ending 7150)** | - | 814.91 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% of The Master Craftsman, Inc** | - | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Laura Swarski (Judgment for rent owed)** | - | 2,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >    **14,835.97**
(Total of this page)

Sheet   **1**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **William M. Soots, Jr.**                                    ,        Case No.   **13-00286-8**
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **General contractor license** | - | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Household tools** | - | 150.00 |

|  | Sub-Total ><br>(Total of this page) | **150.00** |
|---|---|---|
|  | Total > | **19,472.04** |

Sheet __**2**__ of __**2**__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

In re  **William M. Soots, Jr.**                         ,    Case No.    **13-00286-8**

Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Cash on Hand** | | | |
| **Cash** | N.C. Gen. Stat. § 1-362 | **500.00** | **500.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **BB&T Checking account (ending in 3390)** | N.C. Gen. Stat. § 1-362 | **1,000.00** | **1,883.55** |
| **Household Goods and Furnishings** | | | |
| **Miscellaneous Household goods** | N.C. Gen. Stat. § 1C-1601(a)(4) | **1,500.00** | **1,500.00** |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Miscellaneous Books** | N.C. Gen. Stat. § 1C-1601(a)(4) | **50.00** | **50.00** |
| **Wearing Apparel** | | | |
| **Miscellaneous clothing** | N.C. Gen. Stat. § 1C-1601(a)(4) | **100.00** | **100.00** |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **3030 Rifle** | N.C. Gen. Stat. § 1C-1601(a)(2) | **50.00** | **50.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Edward Jones IRA (account ending 2519)** | N.C. Gen. Stat. § 1C-1601(a)(9) | **5,909.10** | **5,909.10** |
| **Ameriprise IRA (account ending 4001)** | N.C. Gen. Stat. § 1C-1601(a)(9) | **4,066.12** | **4,066.12** |
| **TD Ameritrade IRA (account ending 9971)** | N.C. Gen. Stat. § 1C-1601(a)(9) | **2,045.00** | **2,045.84** |
| **TD Ameritrade IRA (account ending 7150)** | N.C. Gen. Stat. § 1C-1601(a)(9) | **814.91** | **814.91** |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Household tools** | N.C. Gen. Stat. § 1C-1601(a)(2) | **150.00** | **150.00** |
| | Total: | **16,185.13** | **17,069.52** |

 **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

Rev. 12/2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF:                                                                    CASE NUMBER:
**William M. Soots, Jr.**                                                            **13-00286-8**
    Debtor(s).

SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

    I,   **William M. Soots, Jr.**   , claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the State of North Carolina, and nonbankruptcy Federal law:  **(Attach additional sheets if necessary)**.

    1.  NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT (The exemption is not to exceed $35,000; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed $60,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Debtor's Age: _____
Name of former co-owner: _____

VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1):  $    **0.00**

    2.  NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500).

| Model, Year Style of Auto | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(3):  $    **0.00**

    3.  NCGS 1C-1601(a)(4) (NC Const., Article X, Section 1) PERSONAL OR HOUSEHOLD GOODS (The debtor's aggregate interest is not to exceed $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents).  The number of dependents for exemption purposes is  **0** .

| Description of Property | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| **Miscellaneous Books** | 50.00 | | | | 50.00 | 50.00 |
| **Miscellaneous clothing** | 100.00 | | | | 100.00 | 100.00 |
| **Miscellaneous Household goods** | 1,500.00 | | | | 1,500.00 | 1,500.00 |

VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4):  $    **1,650.00**

    4. NCGS 1C-1601(a)(5) TOOLS OF TRADE (The debtor's aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(5):  $    **0.00**

    5.  NCGS 1C-1601(a)(6) LIFE INSURANCE (NC Const., Article X, Section 5).

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                            Best Case Bankruptcy

| Description\Insured\Last Four Digits of Policy Number\Beneficiary(if child, initials only) | | Cash Value |
|---|---|---|
| **-NONE-** | | |

6.  NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS (For Debtor or Debtor's Dependents, no limit on value).

| Description |
|---|
| **-NONE-** |

7.  NCGS 1C-1601(a)(8)  COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.

| Description AND Source of Compensation, Including Name (If child, initials only) & Last Four Digits of Account Number of any Disability Policy/Annuity |
|---|
| **-NONE-** |

8.  NCGS 1C-1601(a)(2) ANY PROPERTY (Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
|---|---|---|---|---|---|---|
| **3030 Rifle** | **50.00** | | | | **50.00** | **50.00** |
| **Household tools** | **150.00** | | | | **150.00** | **150.00** |

VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(2):  $        200.00

9.  NCGS 1C-1601(a)(9) and 11 U.S.C. § 522  INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account\Location of Account\Last Four Digits of Account Number |
|---|
| **Ameriprise IRA (account ending 4001)** |
| **Edward Jones IRA (account ending 2519)** |
| **TD Ameritrade IRA (account ending 9971)** |
| **TD Ameritrade IRA (account ending 7150)** |

10.  NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan\Last Four Digits of Account Number\Value\Initials of Child Beneficiary |
|---|
| **-NONE-** |

11.  NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan\State Governmental Unit\Last Four Digits of Identifying Number |
|---|
| **-NONE-** |

12.  NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED  (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support\Amount\Location of Funds |
|---|
| **-NONE-** |

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

13.  TENANCY BY THE ENTIRETY.  The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

**VALUE CLAIMED AS EXEMPT:  $**            **0.00**

14.  NORTH CAROLINA PENSION FUND EXEMPTIONS

| | |
|---|---|
| **-NONE-** | |

15.  OTHER EXEMPTIONS CLAIMED UNDER LAWS OF THE STATE OF NORTH CAROLINA

| | | |
|---|---|---|
| a. | **Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362** | **1,883.55** |
| b. | **Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362** | **500.00** |

16.  FEDERAL PENSION FUND EXEMPTIONS

| | |
|---|---|
| **-NONE-** | |

17.  OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| | |
|---|---|
| **-NONE-** | |

18.  RECENT PURCHASES

(a).  List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| **-NONE-** | | | | |

(b).  List any tangible personal property from 18(a) that is directly traceable to the liquidation or conversion of property that may be exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
| | |

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

19. The debtor's property is subject to the following claims:

a.      Of the United States or its agencies as provided by federal law.

b.      Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds;

c.      Of a lien by a laborer for work done and performed for the person claiming the exemption, but only as to the specific property affected.

d.      Of a lien by a mechanic for work done on the premises, but only as to the specific property affected.

e.      For payment of obligations contracted for the purchase of specific real property affected.

f.      For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods.

g.      For statutory liens, on the specific property affected, other than judicial liens.

h.      For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina.

i.      For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38.

j.      Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations).

k.      Debts of a kind specified in 11 U.S.C. § 522(c).

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
| **Security Savings & Loan** | | 159,384.73 | **House and Storage building at 205 NE 60th Street, Oak Island, NC ($157,000.00) House and lot 114 NE 28th Street, Oak Island, NC ($99,000.00)** | **256,000.00** | **96,615.27** |
| **Suntrust Mortgage** | | 172,776.00 | **House at 120 NE 33rd Street, Oak Island, NC** | **200,000.00** | **27,224.00** |
| **Suntrust Mortgage** | | 299,932.00 | **House at 205 NE 61st Street, Oak Island, NC 50% Ownership ($175,000.00)** | **87,500.00** | **0.00** |
| **Suntrust Mortgage** | | 439,900.00 | **House at 301 W. Yacht Drive, Oak Island, NC** | **225,000.00** | **0.00** |
| **Suntrust Mortgage Suntrust Bank** | | 254,945.52 1,972.00 | **House at 6498 Rolling Run, Southport, NC** | **225,000.00** | **0.00** |
| **First Citizens Bank** | | 14,000.00 | **Lot at 3768 Heron Circle, Oak Island, NC** | **12,000.00** | **0.00** |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I, __**William M. Soots, Jr.**__ , declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting of 4 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Executed on: __**February  1, 2013**__                    __**/s/ William M. Soots, Jr.**__
                                                                          **William M. Soots, Jr.**
                                                                                         Debtor

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **William M. Soots, Jr.**                                              Case No.    **13-00286-8**
_____,
                                 Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community<br>H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br> **Creditor #: 1** <br> **First Citizens Bank** <br> **Attn: Officer, Mg Agnt, Agnt** <br> **PO Box 25187** <br> **Raleigh, NC 27611-5187** | X | - | **Lot at 3768 Heron Circle, Oak Island, NC** <br><br> Value $          **12,000.00** | | | | 14,000.00 | 2,000.00 |
| Account No. xxxxxx0959 <br> **Creditor #: 2** <br> **Security Savings & Loan** <br> **Attn: Office, Mg Agnt & Agnt** <br> **PO Box 10069** <br> **Southport, NC 28461** | | - | **House and Storage building at 205 NE 60th Street, Oak Island, NC ($157,000.00)** <br> **House and lot 114 NE 28th Street, Oak Island, NC ($99,000.00)** <br><br> Value $          **256,000.00** | | | | 159,384.73 | 0.00 |
| Account No. xxxxxxxxxxx5640 <br> **Creditor #: 3** <br> **Suntrust Bank** <br> **Attn: Support Services** <br> **Po Box 85092** <br> **Richmond, VA 23286** | | - | **House at 6498 Rolling Run, Southport, NC** <br><br> Value $          **225,000.00** | | | | 1,972.00 | 1,972.00 |
| Account No. xxxxxxxx9205 <br> **Creditor #: 4** <br> **Suntrust Mortgage** <br> **Attn: Officer, Mg Agnt, Agnt** <br> **1001 Seemes Ave, Rvw-7941** <br> **Richmond, VA 23286** | | - | **House at 301 W. Yacht Drive, Oak Island, NC** <br><br> Value $          **225,000.00** | | | | 439,900.00 | 214,900.00 |

___**1**___ continuation sheets attached

Subtotal
(Total of this page)                                              615,256.73            218,872.00

B6D (Official Form 6D) (12/07) - Cont.

In re    **William M. Soots, Jr.**    ,    Case No.    **13-00286-8**

_____
Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Joseph J. Vonnegut <br> Atty SunTrust Mortgage <br> PO Box 2505 <br> Fayetteville, NC 28302 | | | Suntrust Mortgage <br><br><br> Value $ | | | | **Notice Only** | |
| Account No. xxxxxxxx9213 <br><br> Creditor #: 5 <br> Suntrust Mortgage <br> Attn: Officer, Mg Agnt, Agnt <br> 1001 Seemes Ave, Rvw-7941 <br> Richmond, VA 23286 | | - | House at 205 NE 61st Street, Oak Island, NC <br> 50% Ownership ($175,000.00) <br><br> Value $        87,500.00 | | | | 299,932.00 | 212,432.00 |
| Account No. xxxxxxxx2996 <br><br> Creditor #: 6 <br> Suntrust Mortgage <br> Attn: Officer, Mg Agnt, Agnt <br> 1001 Seemes Ave, Rvw-7941 <br> Richmond, VA 23286 | | - | House at 120 NE 33rd Street, Oak Island, NC <br><br> Value $       200,000.00 | | | | 172,776.00 | 0.00 |
| Account No. xxxxxxxx9197 <br><br> Creditor #: 7 <br> Suntrust Mortgage <br> Attn: Officer, Mg Agnt, Agnt <br> 1001 Seemes Ave, Rvw-7941 <br> Richmond, VA 23286 | | - | House at 6498 Rolling Run, Southport, NC <br><br> Value $       225,000.00 | | | | 254,945.52 | 29,945.52 |
| Account No. <br><br><br><br> | | | <br><br><br> Value $ | | | | | |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal <br> (Total of this page) | 727,653.52 | 242,377.52 |
|---|---|---|---|
| | Total <br> (Report on Summary of Schedules) | 1,342,910.25 | 461,249.52 |

B6E (Official Form 6E) (4/10)

In re   **William M. Soots, Jr.** ,   Case No. ___**13-00286-8**___
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

■ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___**2**___ continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re **William M. Soots, Jr.** _____ ,   Case No. _____**13-00286-8**_____
                         Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Deposits by individuals**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| **Creditor #: 1** **Donnie & Karen Cobb** **6498 Rolling Run SE** **Southport, NC 28461** | - | | | | | | **1,300.00** | **1,300.00** | **0.00** |
| Account No. | | | | | | | | | |
| **Creditor #: 2** **Melanie & James Owl** **205 NE 60th Street** **Oak Island, NC 28465** | - | | | | | | **650.00** | **650.00** | **0.00** |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet __**1**__ of __**2**__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | | |
|---|---|---|---|
| | **1,950.00** | **1,950.00** | **0.00** |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6E (Official Form 6E) (4/10) - Cont.

In re    **William M. Soots, Jr.**                                                                    Case No.    **13-00286-8**
                                                                    ,
                                      Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Creditor #: 3** | - | | | | | | 0.00 | 0.00 / 0.00 |
| Account No. **Creditor #: 4** **Brunswick Co Tax Collector** **Attn: Manager or Agent** **PO Box 269** **Bolivia, NC 28422** | - | | | | | | Unknown | Unknown / 0.00 |
| Account No. **Creditor #: 5** **Town of Oak Island** **Attn: Manager or Agent** **4601 E. Oak Island Drive** **Oak Island, NC 28465** | - | | Sewer Assesment | | | | 29,400.00 | 29,400.00 / 0.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet __2__ of __2__ continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | Subtotal (Total of this page) | 29,400.00<br>29,400.00 / 0.00 |
| | Total (Report on Summary of Schedules) | 29,400.00<br>31,350.00 / 1,950.00 |

B6F (Official Form 6F) (12/07)

In re __William M. Soots, Jr._____,   Case No. ____13-00286-8_____
                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.  xxxxxxxxxxx4813 | | - | | | | | | |
| Creditor #: 1 **Advanta Bk** **c/o Resurgent Capital Services** **Po Box 10368** **Greenville, SC 29603-0368** | | | | | | | X | 17,487.00 |
| Account No.  xxxxxxxxxxx6067 | | - | | | | | | |
| Creditor #: 2 **Bank Of America** **Attn: Office Mg Agnt, Agnt** **PO Box 982235** **El Paso, TX 79998** | | | | | | | | 12,752.00 |
| Account No.  xxxxxxxxxxx0120 | | - | | Opened  3/13/08  Last Active 11/30/12 | | | | |
| Creditor #: 3 **Barclays Bank Delaware** **Attn: Officer, Mg Agnt, Agnt** **Po Box 1337** **Philadelphia, PA 19101** | | | | | | | | 885.00 |
| Account No.  xxxxxxxxxxx4281 | | - | | | | | | |
| Creditor #: 4 **BB&T** **Attn: Officer, Mg Agnt, Agnt** **PO Box 1847** **Wilson, NC 27894** | | | | | | | | 10,004.00 |
| __1__   continuation sheets attached | | | | Subtotal (Total of this page) | | | | 41,128.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re   **William M. Soots, Jr.**                                          ,    Case No.   **13-00286-8**
                                                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | J C | | | | | |
| Account No. | | | | | | | | | |
| **Creditor #: 5**<br>**BB&T**<br>**Attn: Officer, Mg Agnt, Agnt**<br>**PO Box 1847**<br>**Wilson, NC 27894** | X | - | | | | | | | 8,500.00 |
| Account No. **xxxxxxxxxxxx1447** | | | | | | | | | |
| **Creditor #: 6**<br>**Capital 1 Bank**<br>**Attn: Manager or Agent**<br>**Po Box 30285**<br>**Salt Lake City, UT 84130** | | - | | | | | | | 2,653.00 |
| Account No. **xxxxxxxxxxxx9430** | | | | | | | | | |
| **Creditor #: 7**<br>**Chase**<br>**Attn: Officer, Mg Agnt, Agnt**<br>**PO Box 15298**<br>**Wilmington, DE 19850** | | - | | | | | | | 5,876.00 |
| Account No. **xx2218** | | | | | | | | | |
| **Creditor #: 8**<br>**Dosher Memorial Hospital**<br>**Attn: Manager or Agent**<br>**924 Howe Street**<br>**Southport, NC 28461** | | - | | | | | | | 3,367.79 |
| Account No. | | | | | | | | | |
| **Creditor #: 9**<br>**First Citizens Bank**<br>**Attn: Officer, Mg Agnt, Agnt**<br>**PO Box 25187**<br>**Raleigh, NC 27611-5187** | X | - | | | | | | | 354,000.00 |

Sheet no.  **1**  of  **1**  sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal<br>(Total of this page) | 374,396.79 |
|---|---|---|
| | Total<br>(Report on Summary of Schedules) | 415,524.79 |

B6G (Official Form 6G) (12/07)

.

In re     **William M. Soots, Jr.**                                                    Case No.     **13-00286-8**
                                                    ,
                                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Donnie & Karen Cobb**<br>**6498 Rolling Run SE**<br>**Southport, NC 28461** | **Lease for 6498 Rolling Run SE** |
| **Melanie & James Owl**<br>**205 NE 60th Street**<br>**Oak Island, NC 28465** | **Lease for 205 NE 60th Street** |
| **The Master Craftsman**<br>**Attn: Manager or Agent**<br>**4819 Port Luke Road**<br>**Southport, NC 28461** | **Verbal lease for Residental Apartment** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re  **William M. Soots, Jr.**  Case No.  **13-00286-8**
  ,
Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **The Master Craftsman**<br>**Attn: Manager or Agent**<br>**4819 Port Luke Road**<br>**Southport, NC 28461** | **First Citizens Bank**<br>**Attn: Officer, Mg Agnt, Agnt**<br>**PO Box 25187**<br>**Raleigh, NC 27611-5187** |
| **The Master Craftsman**<br>**Attn: Manager or Agent**<br>**4819 Port Luke Road**<br>**Southport, NC 28461** | **First Citizens Bank**<br>**Attn: Officer, Mg Agnt, Agnt**<br>**PO Box 25187**<br>**Raleigh, NC 27611-5187** |
| **The Master Craftsman**<br>**Attn: Manager or Agent**<br>**4819 Port Luke Road**<br>**Southport, NC 28461** | **BB&T**<br>**Attn: Officer, Mg Agnt, Agnt**<br>**PO Box 1847**<br>**Wilson, NC 27894** |

**0**
\_\_\_\_\_ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re   **William M. Soots, Jr.**                                     Case No.    **13-00286-8**
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Carpenter** | |
| Name of Employer | **The Master Craftsman, Inc.** | |
| How long employed | | |
| Address of Employer | **4819 Port Loop Road**<br>**Southport, NC 28461** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **2,800.00** | $ **N/A** |
| 2. Estimate monthly overtime | $ **0.00** | $ **N/A** |
| 3. SUBTOTAL | $ **2,800.00** | $ **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ **0.00** | $ **N/A** |
|    b. Insurance | $ **0.00** | $ **N/A** |
|    c. Union dues | $ **0.00** | $ **N/A** |
|    d. Other (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **0.00** | $ **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **2,800.00** | $ **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **N/A** |
| 8. Income from real property | $ **1,950.00** | $ **N/A** |
| 9. Interest and dividends | $ **0.00** | $ **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **N/A** |
| 11. Social security or government assistance<br>(Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 12. Pension or retirement income | $ **0.00** | $ **N/A** |
| 13. Other monthly income<br>(Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **1,950.00** | $ **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **4,750.00** | $ **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **4,750.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re __**William M. Soots, Jr.**_____    Case No. ___**13-00286-8**_____
                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 500.00 |
| a. Are real estate taxes included?  Yes ___   No **X**__ | | |
| b. Is property insurance included?  Yes ___   No **X**__ | | |
| 2. Utilities:   a. Electricity and heating fuel | $ | 150.00 |
| b. Water and sewer | $ | 85.00 |
| c. Telephone | $ | 0.00 |
| d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 600.00 |
| 5. Clothing | $ | 25.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 160.00 |
| 8. Transportation (not including car payments) | $ | 150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 30.00 |
| 10. Charitable contributions | $ | 333.33 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 500.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 785.00 |
| d. Auto | $ | 0.00 |
| e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) __**taxes**_____ | $ | 1,000.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other _____ | $ | 0.00 |
| c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 400.00 |
| 17. Other _____ | $ | 0.00 |
| Other _____ | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,818.33 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 4,750.00 |
| b.   Average monthly expenses from Line 18 above | $ | 4,818.33 |
| c.   Monthly net income (a. minus b.) | $ | -68.33 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re __William M. Soots, Jr.__

Debtor(s)

Case No. __13-00286-8__

Chapter __11__

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __21__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __February  1, 2013__

Signature __/s/ William M. Soots, Jr.__

__William M. Soots, Jr.__

Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (12/12)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    **William M. Soots, Jr.**      Case No.    **13-00286-8**

                Debtor(s)         Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$46,503.00** | **2011** |
| **$18,000.00** | **2012 (estimated)** |
| **$0.00** | **2013** |

---

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$33,827.00** | **2011 Rental** |

2

| AMOUNT | SOURCE |
|---|---|
| **$25,000.00** | **2012 Rental (estimated)** |
| **$2,600.00** | **2013 (estimated)** |
| **$55,835.90** | **2012 Sale of two lots** |
| **$7,800.00** | **2012 Sale of vehicle** |

### 3. Payments to creditors

None
■

***Complete a. or b., as appropriate, and c.***

a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850˙. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.   Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **11-SP-1192**<br>**Substitute Trustee Services of Carolina, LLC v. William M. Soots and Vada Tilley Soots** | **Foreclosure** | **Brunswick County Superior Court** | **Pending** |
| **11-SP-1193**<br>**Substitute Trustee Services of Carolina, LLC v. William M. Soots** | **Foreclosure** | **Brunswick County Superior Court** | **Pending** |

˙ *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 7 (12/12)                                                                                                                                    3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **12-CVM-9673**<br>**William Soots v. Charity Donathan** | **Summary ejectment** | **Forsyth County Magistrate Court** | **Summary ejectment granted in favor of William Soots on October 23, 2012.** |
| **12-CVM-954**<br>**William Soots v. Laura Swierski** | **Summary ejectment** | **Brunswick County Magistrate Court** | **Summary ejectment granted in favor of William Soots on November 7, 2012.** |
| **12-SP-977**<br>**Substitute Trustee Services, Inc. v. William M. Soots** | **Foreclosure** | **Brunswick County Superior Court** | **Pending** |

None
■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☐   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Substitute Trustee Services, Inc.**<br>**Substitute Trustee**<br>**4317 Ramsey Street, Suite 201**<br>**Fayetteville, NC 28311** | **1/3/2013** | **12-SP-977**<br>**6498 Rolling Run, Southport, NC**<br>**$221,000 - bid price**<br><br>**(Chapter 11 filed in the upset bid period.)** |

**6. Assignments and receiverships**

None
■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None
☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Port City Community Church 250 Vision Drive Wilmington, NC 28403** | **Church** | **weekly** | **$2,800.00** |
| **Port City Community Church 250 Vision Drive Wilmington, NC 28403** | **Church** | | **Help with builing the chapel at Pender Coounty Correctional Facility Estimated amount of time spent building is worth about $50,000.00** |

---

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Oliver Friesen Cheek, PLLC PO Box 1548 New Bern, NC 28563** | **1/14/13** | **$8,500.00** |
| **Hummingbird Credit Counseling 3737 Glenwood Avenue Suite 100 Raleigh, NC 27612** | **1/14/13** | **$34.00** |

---

**10. Other transfers**

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Greg & Lisa Goforth 6830 Campbell Road York, SC 29745**   **None** | **February 28, 2012** | **28 & 29 NE 60th Street, Oak Island $64600.00** |

B 7 (12/12)                                                                                                                                5

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Bobby Garner**<br>**Sandford, NC** | **September, 2012** | **Sold a 1999 Harley Davidson for a 2003 Dodge Ram Truck.**<br>**Then sold back the 2003 Dodge Ram Truck.**<br>**$7,800.00** |
| **Coty Soots**<br>**1056 Bellhaven Avenue**<br>**Supply, NC 28462**<br>   **Daughter** | **April, 2012** | **Honda Civic Hybrid milage is 110,265**<br>**Value recieved $0.00** |

None
■   b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None
■   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12.  Safe deposit boxes**

None
■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None
■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None
☐   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Vada Soots**<br>**Ocean Trail Convalescent Center, Inc**<br>**6302 N. Fodale Avenue,**<br>**Southport, NC 28461** | **Bank of America checking account (ending 2014) POA on account**<br>**BB&T checking account (ending 0095)**<br>**$390.00**<br>**2004 Toyota Camry $3,500.00** | **Debtor's Residence** |

B 7 (12/12)                                                                                          6

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **The Master Craftsman**<br>**4819 Port Luke Road**<br>**Southport, NC 28461** | **Various Tools**<br>**$700.00** | **Storage builing at 205 NE 60th Street** |

---

**15.  Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **301 W Yacht Drive**<br>**Oak Island, NC 28465** | | **11/11 to 6/12** |
| **6498 Rolling Run**<br>**Southport, NC** | | **99-11/11** |

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

B 7 (12/12)                                                                                                                          7

---

**18 . Nature, location and name of business**

None  ☐   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|---------------------------------------------------------------------------------------------|---------|--------------------|----------------------------|
| **The Master Craftsman** | **56-1625824** | **4819 Port Luke Road Southport, NC 28461** | **Craftsman and Contractor** | **1988-Present** |

None  ■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None  ☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
| **Ginger White**<br>**719 Alyssum Ave**<br>**Oak Island, NC 28465** | **2009-Present** |
| **McIntyre, Paradis, Wood**<br>**Attn: Manager or Agent**<br>**112 N Cardinal Dr Ste105**<br>**Wilmington, NC 28405** | **2008-Present** |

None  ■   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|

None  ■   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

| None ■ | d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case. |
|---|---|

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

**20. Inventories**

| None ■ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |
|---|---|

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

| None ■ | b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above. |
|---|---|

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

| None ■ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |
|---|---|

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

| None ■ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |
|---|---|

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

| None ■ | a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case. |
|---|---|

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

| None ■ | b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case. |
|---|---|

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

| None ■ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case. |
|---|---|

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B 7 (12/12)                                                                                                          9

---

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                         TAXPAYER IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                               TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **February 1, 2013**                              Signature   **/s/ William M. Soots, Jr.**

                                                                     **William M. Soots, Jr.**
                                                                     Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B22B (Official Form 22B) (Chapter 11) (12/10)

In re: **William M. Soots, Jr.**

Debtor(s)

Case Number: **13-00286-8**

(If known)

# CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. CALCULATION OF CURRENT MONTHLY INCOME | | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ■ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ Married, not filing jointly. **Complete only column A ("Debtor's Income") for Lines 2-10.**<br>c. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>**Debtor's Income** | **Column B**<br>**Spouse's Income** |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $    2,800.00 | $ |
| 3 | **Net income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.<br><br>a. Gross receipts — Debtor $ 0.00  Spouse $<br>b. Ordinary and necessary business expenses — Debtor $ 0.00  Spouse $<br>c. Business income — Subtract Line b from Line a | $    0.00 | $ |
| 4 | **Net Rental and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero.<br><br>a. Gross receipts — Debtor $ 1,950.00  Spouse $<br>b. Ordinary and necessary operating expenses — Debtor $ 400.00  Spouse $<br>c. Rent and other real property income — Subtract Line b from Line a | $    1,550.00 | $ |
| 5 | **Interest, dividends, and royalties.** | $    0.00 | $ |
| 6 | **Pension and retirement income.** | $    0.00 | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $    0.00 | $ |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act  Debtor $ 0.00  Spouse $ | $    0.00 | $ |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. — Debtor $  Spouse $<br>b. — Debtor $  Spouse $ | $    0.00 | $ |

B22B (Official Form 22B) (Chapter 11) (12/10)                                    2

| 10 | **Subtotal of current monthly income.** Add lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 thru 9 in Column B.  Enter the total(s). | $ 4,350.00 | $ |
|----|---|---|---|
| 11 | **Total current monthly income.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | $ 4,350.00 | |

| | **Part II. VERIFICATION** |
|---|---|
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*  Date: __February  1, 2013__       Signature: __/s/ William M. Soots, Jr.__<br>                                              William M. Soots, Jr.<br>                                                      (Debtor) |